**Rita SALADIN, Plaintiff–Appellant,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant–Appellee.**

No. 08–1512–cv.

United States Court of Appeals, Second Circuit.

July 16, 2009.

John N. Kalil, Law Office of John N. Kalil, Utica, NY, for Appellant.

Peter A. Lauricella (Elizabeth J. Grogan, on the brief), Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, Albany, NY, for Appellee.

PRESENT: REENA RAGGI, DEBRA ANN LIVINGSTON, Circuit Judges,

EDWARD R. KORMAN, District Judge.[1]

## SUMMARY ORDER

Rita Saladin is the beneficiary of a group life insurance policy covering her deceased husband for accidental death. She now appeals from an award of summary judgment in favor of defendant Prudential on her ERISA challenge to the insurer's denial of benefits. The district court determined that Saladin had failed to exhaust her administrative remedies and, therefore, dismissed her complaint without prejudice to refiling upon exhaustion. On our *de novo* review of that ruling, *see Molinari v. Bloomberg*, 564 F.3d 587, 595 (2d Cir.2009); *see also Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 107 (2d Cir.2003), we will assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

█ Saladin does not dispute her failure to exhaust administrative remedies. Rather, she contends that the district court should have deemed her claim exhausted in light of two circumstances: (1) Prudential's failure adequately to notify Saladin of the evidence needed to substantiate her claim, which meant that it did not have a reasonable claims procedure in place as required by 29 U.S.C. § 1133; *see also* 29 C.F.R. § 2560.503–1(b); and (2) Prudential's bad-faith failure to investigate her claim constituted a fiduciary breach that made pursuit of further review futile, *see Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 219 (2d Cir.2006) (acknowledging exception to exhaustion requirement upon "clear and positive showing" that further internal pursuit of claim would be futile (internal quotation marks omitted)).

Both arguments fail for the same reason: The record demonstrates that Prudential adequately notified Saladin of the basis for its denial and informed her how to perfect her appeal. Prudential explained to Saladin that it denied her claim because its review of her husband's death certificate and post-accident medical reports indicated that his death resulted from "subdural hematoma and cerebellar hemorrhage due to parkinsonsism and dementia." Letter from Onjaya Howerton, Group Life Claim Division, to John Kalil, Attorney to Rita Saladin, Sept. 20, 2004, at 2. In other words, Prudential concluded that the death did not meet the policy's definition of accidental death because it resulted from "complications of [the decedent's] sickness." *Id.*

Saladin was certainly entitled to contest this determination on administrative appeal, and Prudential explained how she could do so:

> Your appeal should contain:
> - The reasons that you disagree with our determination
> - The name, policy number and claim number for the insured
> - Medical evidence or documentation to support your position
>
> Evidence or documentation may include but not be limited to such materials as:
> - Copies of attending physician records, police report, medical examiner's report
> - Any additional treatment records from physicians
> - Actual test results (e.g., EMG, MRI)
>
> You may submit with your appeal any written comments, documents, records and any other information relating to your claim.

---

1. District Judge Edward R. Korman of the United States District Court for the Eastern District of New York, sitting by designation.

*Id.* Prudential thus provided Saladin "with enough information to prepare adequately for further administrative review or an appeal to the federal courts." *Juliano v. Health Maint. Org. of New Jersey, Inc.,* 221 F.3d 279, 287 (2d Cir.2000) (internal quotation marks omitted).

■ To the extent Saladin asserts that her challenge to defendant's denial is supported by "common-sense evidence," Appellant's Br. at 10, specifically, her own and her daughter's statements of their observations of decedent before and after his fall, as well as relevant medical records that predated the fall, we note that this evidence was never offered for administrative review. It was presented only to *the district court* in support of this action.

Under these circumstances, we agree with the district court that Saladin has failed to make a " 'clear and positive showing' " of futility in the pursuit of Prudential's internal-claims process. *Eastman Kodak Co. v. STWB, Inc.,* 452 F.3d at 219. Even if we assume that, at the first step of review, Prudential employees overlooked or unreasonably failed to gather material evidence, Saladin had the opportunity to identify those errors and seek administrative correction. We cannot say that she would have succeeded, only that administrative rejection of her challenge was not a foregone conclusion.

Given our conclusion that Saladin has failed to exhaust her administrative remedies, we need not consider her other arguments. Accordingly, the judgment of the district court is AFFIRMED.